**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter J Piper, | No. CV-18-00244-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Gooding & Company Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Gooding & Company's ("Gooding") motion to dismiss for lack of subject matter jurisdiction. (Doc. 17.) The motion is fully briefed and the Court heard oral argument telephonically on February 5, 2018. (Docs. 19-21.) The Court also considers the merits of Plaintiff Peter Piper's Petition to Perpetuate Testimony under Federal Rule of Civil Procedure 27(a) because Plaintiff raises the issue in response to Gooding's motion to dismiss. For the following reasons, Gooding's motion and Plaintiff's petition are denied.

**I. Background**

This case involves a dispute over the ownership of a rare 1954 Ferrari. Plaintiff alleges that his father, James Piper, purchased the Ferrari in 1962 and later died under suspicious circumstances. Afterward, Plaintiff unsuccessfully searched for the Ferrari and other high value assets owned by his late father. Nearly 30 years later, Plaintiff discovered that a Ferrari was being sold by Gooding, a well-known auctioneer, on January 20, 2018 in Scottsdale, Arizona. Plaintiff alleges that he attended the auction

with his sister, non-party Janice Ednoff, and determined based on the Ferrari's provenance (which was based on the purported sale and transfer of title by James Piper in 1991—two years after his death) and his own observations that it was his father's. Plaintiff notified Gooding of his claim to the Ferrari, leading Gooding to withdraw it from the auction.

Plaintiff filed this lawsuit on January 23, 2018, alleging conversion, trespass to chattels, and unjust enrichment claims against Gooding and the yet unknown person or entity (who is believed to reside somewhere in Asia) claiming to be the Ferrari's current owner. Plaintiff's verified complaint also included a request for an order perpetuating testimony under Rule 27. (Doc. 1.)

Concurrent with his verified complaint, Plaintiff filed an application for a temporary restraining order ("TRO"), in which he requested that the Court temporarily enjoin Gooding from moving the Ferrari out of the state or country. (Doc. 3.) The Court granted Plaintiff's application, temporarily enjoined Gooding for moving the Ferrari, and scheduled a telephonic conference for January 25, 2018 to discuss Plaintiff's request for discovery, the adequacy of the bond ordered by the Court to secure the TRO, and a proposed briefing and hearing schedule on whether to convert the TRO to a preliminary injunction. (Docs. 8, 13.)

During that conference call, Gooding informed the Court that it had moved the Ferrari to California prior to Plaintiff filing this lawsuit, but that it would keep the Ferrari at its current location consistent with the TRO. Gooding also raised concerns about the Court's subject matter jurisdiction. The Court set an expedited briefing schedule on the subject matter jurisdiction issue and scheduled a second telephonic conference for February 5, 2018 to discuss jurisdiction, discovery, and potentially a preliminary injunction briefing and hearing schedule. (Doc. 15.) After reviewing the briefs, however, the Court determined that the February 5, 2018 telephonic conference would be better spent addressing the jurisdictional issues. After hearing oral argument, the Court took Gooding's motion to dismiss under advisement and the parties stipulated to a

fourteen-day extension of the TRO to allow the Court time to issue a decision.

**II. Discussion**

Gooding argues that this case must be dismissed because Plaintiff has not joined necessary and indispensable parties under Rule 19, and that joinder of the absent parties would defeat complete diversity. In addition to responding to Gooding's Rule 19 argument, Plaintiff has raised two alternative bases for the Court to exercise subject matter jurisdiction. First, Plaintiff argues that Rule 27 provides an independent basis for subject matter jurisdiction over this action. (Doc. 19 at 5-7.) Second, he contends that 28 U.S.C. § 1331 confers subject matter jurisdiction. (*Id.* at 2.) Before addressing Gooding's Rule 19 argument, the Court will dispose of Plaintiff's two unrelated counterarguments.

**A. Plaintiff's Rule 27 Petition**

As previously noted, Plaintiff filed his verified complaint in combination with a Rule 27 petition to perpetuate testimony. Rule 27(a) governs the circumstances under which a person may obtain an order to "perpetuate testimony" before an action is filed.[1] A Rule 27(a) petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

---

[1] Although Plaintiff's verified complaint does not specify the subsection of Rule 27 upon which his petition is based, Plaintiff clarified in his response in opposition to Gooding's motion to dismiss that his petition is brought under Rule 27(a). (Doc. 19 at 5-6.)

Though "[t]here need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, . . . it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts." *Dresser Indus., Inc. v. U.S.*, 596 F.2d 1231, 1238 (5th Cir. 1979). Stated differently, although a petitioner need not establish an independent basis for jurisdiction over the Rule 27 petition itself, the filing of the Rule 27 petition does not confer subject matter jurisdiction over the contemplated future (or, in this case, existing) action for which the testimony will be used. Accordingly, Plaintiff's Rule 27 petition does not confer subject matter jurisdiction over his conversion, trespass to chattels, and unjust enrichment claims.

Moreover, Plaintiff's Rule 27 petition is patently improper. Indeed, Plaintiff's filing does not read like a Rule 27 petition. Other than its title and paragraph A of its prayer for relief, Plaintiff's filing simply is a verified complaint. Although some of the information required by Rule 27(a)(1) can be gleaned from the verified complaint, the information is not presented as a petition to perpetuate testimony. This is unsurprising because Rule 27 clearly is inapplicable here.

"Rule 27 applies where testimony or evidence might be lost to a prospective litigant unless a deposition is taken immediately to preserve the testimony for future use." *In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, No. CV 13-0218 UA (SS), 2013 WL 3811807, at *3 (C.D. Cal. 2013). Further, "[i]t is well-established in case law that perpetuation means the perpetuation of *known* testimony." *In Re Petition of Allegretti*, 29 F.R.D. 93, 96 (S.D.N.Y. 2005). Thus, to obtain relief under Rule 27(a), a petitioner must satisfy three elements:

> First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise

be lost, concealed or destroyed.

*Id.*

Here, Plaintiff has already filed the action in which he intends to use the testimony sought by his petition. He therefore has not and cannot show that he is presently unable to bring his action. *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981) ("The petitioner must show that he presently is unable to bring the action in any court, state or federal, anywhere in the United States."). It should go without saying that a petitioner cannot rely on a provision literally titled "Depositions to Perpetuate Testimony . . . Before an Action is Filed" to obtain discovery *after* an action has been filed. *Id.* ("Rule 27(a) is to be invoked prior to the commencement of an action. Here, [the plaintiff] already had commenced his action a month earlier.").

Plaintiff also fails to show that the testimony he seeks is known and will be lost, concealed, or destroyed unless perpetuated under Rule 27. Plaintiff seeks permission to depose Gooding "to determine the alleged current owner of the vehicle and the present whereabouts of this person," and "any person alleged to be in the ownership chain for this vehicle after the death of James Piper." (Doc. 1 at 15.) Clearly, this testimony is not already known. Nor does Plaintiff make a showing that such testimony from Gooding cannot be obtained through normal discovery procedures. *See 19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa. 2000) ("To perpetuate the testimony of a witness means to record, prior to trial and for use at trial, the witness' known testimony in a case where the witness may be unavailable for trial.").

Instead, Plaintiff is improperly resorting to Rule 27 to obtain discovery for use in his present lawsuit, and perhaps even to obtain information to substantiate his allegations against Gooding.[2] "Rule 27 is not, however, a substitute for the broader, post-complaint

---

[2] During oral argument, the Court asked Plaintiff whether he is asserting tort claims against Gooding, or whether Gooding was included as a party only to the Rule 27 portion of the verified complaint. Plaintiff responded that he did not yet have enough information to know whether claims could be asserted against Gooding, and that discovery was necessary to better understand Gooding's involvement with the Ferrari. When the Court asked whether Plaintiff was conceding that he lacked a good faith basis

discovery available under Rule 26 and should be used only in special circumstances to preserve testimony which otherwise might be lost."[3] *In Re Liquor Salesman's Union Local 2D Pension Fund*, No. 12-cv-2786 (KAM)(MDG), 2012 WL 2952391, at *3 (E.D.N.Y. July 19, 2012); *see also In Re Certain Investor*, 2013 WL 3811807, at *4 ("The Ninth Circuit and many other courts have clearly and repeatedly held that Rule 27 cannot be used as a substitute for discovery to determine whether a cause of action exists or to preserve unknown information that may be helpful in future litigation."); *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963) ("[Rule 27] is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.").

In sum, Rule 27 does not confer subject matter jurisdiction over Plaintiff's tort claims, nor is an appropriate mechanism for Plaintiff to obtain his requested discovery. It does not follow, however, that Plaintiff cannot conduct certain discovery on an expedited basis. Plaintiff seeks discovery from Gooding regarding the identity of the person or entity claiming current ownership in the Ferrari so that he may name that person or entity in this lawsuit and properly serve the summons and complaint. "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577

---

for suing Gooding at this time, he responded no and represented that he currently has a good faith basis for naming Gooding, which has only gotten stronger since filing the lawsuit. Though these two answers are contradictory, this much is clear: Plaintiff is asserting tort claims against Gooding and seeks not to perpetuate testimony, but to obtain discovery to substantiate those allegations.

[3] Moreover, even assuming that Plaintiff's Rule 27 is proper, the Court has serious doubts that this District would be the appropriate venue to hear such a petition. Rule 27(a)(1) requires a petitioner to file the petition "in the district court for the district where any expected adverse party resides." Some authority suggests that any federal district court may hear a Rule 27 petition if all expected adverse parties are non-resident aliens, so long as proper notice and service of process safeguards are in place. *See De Wagenknecht v. Stinnes*, 250 F.2d 414, 418 (D.C. Cir. 1957). Here, however, not all adverse parties are non-resident aliens—Gooding resides in California. Plaintiff likely would need to seek Rule 27 relief in the district where Gooding resides.

(N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts may permit expedited discovery in advance of the Rule 26(f) conference upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Based on the arguments made thus far, Plaintiff has shown good cause for expedited discovery, which the Court will discuss with the parties at the next scheduled conference.

### B. Federal Question Jurisdiction

Plaintiff also argues that 28 U.S.C. § 1331 confers subject matter jurisdiction because he might be able to assert a claim against Gooding under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Of course, Plaintiff has not alleged any federal claims, nor has he amended his complaint to do so. Plaintiff's verified complaint alleges three state law tort claims. Further, the verified complaint explicitly alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action involves completely diverse parties and the amount in controversy exceeds $75,000. (Doc. 1 ¶¶ 25, 60.) Plaintiff cannot amend his verified complaint merely by discussing unpled claims in a response to a motion to dismiss. The Court will not address arguments based on a hypothetical amended complaint that has not been filed. Instead, the Court will grapple with the jurisdictional issue as it has been framed by Gooding's motion.

### C. Joinder Under Rule 19

Rule 19 governs the circumstances in which an absent party must be joined to an action:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> . . .
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. . . .

A party may raise "failure to join a party under Rule 19" as a defense in a pre-answer motion pursuant to Rule 12(b)(7).

When ruling on a motion to dismiss for non-joinder, the Court must answer three successive questions:

> 1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?
>
> 2. If so, is it feasible to order that the absent party be joined?
>
> 3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?

*Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).[4]

---

[4] As of December 1, 2007, Rule 19 no longer uses the terms "necessary" or "indispensable" to describe absent parties who should or must be joined. Instead, the rule now "refers to 'persons required to be joined if feasible' and persons in whose absence, if they cannot be joined, the action should not proceed." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 n.1 (9th Cir. 2010). These changes were merely stylistic, and "the substance and operation of the Rule both pre- and post-2007 are unchanged." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 856 (2008). Thus, Rule 19(a)(1) defines a person traditionally denominated as "necessary" to an action, while Rule 19(b) defines a person traditionally denominated as "indispensable." *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004).

"The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002). Ultimately, the movant bears the burden of persuading the Court that dismissal is appropriate. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

Plaintiff acknowledged in his verified complaint that he is not James Piper's sole heir. (Doc. 1 ¶ 24 n.1.) Gooding therefore contends that Plaintiff's co-heirs are necessary to this lawsuit under both prongs of Rule 19(a)(1)(B) because they claim an interest in the subject of the action—the Ferrari.[5] Gooding further argues that the absent co-heirs cannot feasibly be joined without defeating subject matter jurisdiction because at least one, Ednoff, is a California resident like Gooding. Finally, Gooding argues that the absent co-heirs are indispensable, and that the Court should dismiss this action because Plaintiff has an adequate remedy in a state court of competent jurisdiction. Having carefully reviewed the briefs and considered the parties' arguments, the Court concludes that the absent co-heirs are not necessary within the meaning of Rule 19(a)(1)(B) because they are aware of this action but have chosen not to claim a formal interest in it.

---

[5] Gooding does not argue that Plaintiff's co-heirs are necessary under Rule 19(a)(1)(A). The Court nonetheless has considered this subsection and concludes that the absent co-heirs are not necessary under it. For purposes of Rule 19(a)(1)(A), "[t]he sufficiency of relief available is determined on the basis of those persons who are already parties, and not as between a party and the absent party whose joinder is sought." *Ariz. Democratic Party v. Reagan*, No. CV-16-03618-PHX-SPL, 2016 WL 6523427, at *5 (D. Ariz. Nov. 3, 2016) (internal quotation and citation omitted). This subsection is concerned with "whether a court can grant a plaintiff complete relief on all claims it is bringing, and not whether a defendant can have all potential claims against it resolved in one proceeding." *Wheeler Peak, LLC v. L.C.I.2, Inc.*, No. CIV-07-117-JB-WDS, 2009 WL 2982817, at *9-10 (D. N.M. Aug. 15, 2009); *see also Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1255 (9th Cir. 1983) (finding that court could provide complete relief in action over title to property without joining other parties who might also claim an interest in the same property). Here, Plaintiff seeks damages and possession of the Ferrari. The Court can grant Plaintiff all the relief he seeks without joining his co-heirs.

By its plain language, the necessity of joinder under either prong of Rule 19(a)(1)(B) "'is contingent . . . upon an initial requirement the absent party claim a legally protected interest relating to the subject matter of the action.'" *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). "Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" *Id.* (citing *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)). For purposes of Rule 19(a)(1)(B), the Court considers whether the absent party has asserted "a formal interest in either the subject matter of th[e] action *or the action itself*." *Northrop*, 705 F.2d at 1043-44 (emphasis added).

For example, the plaintiff in *Altmann* brought an action to recover an allegedly stolen painting. The plaintiff was one of four heirs to the painting, yet the Ninth Circuit held that three absent co-heirs were not necessary parties. *Altmann,* 317 F.3d at 971. Two of the absent co-heirs had assigned their interests to the plaintiff and therefore no longer had legally protectable interests in the painting. The third absent co-heir had not assigned her interest in painting, but the Ninth Circuit concluded that her joinder was not necessary because she was "aware of the litigation and [had] chosen not to claim an interest." *Id.; see also Bird v. Keefe Kaplan Maritime, Inc.*, No. 14-cv-03277-MEJ, 2015 WL 1009015, at *3 (N.D. Cal. Mar. 5, 2015) (finding that absent party was not necessary, despite potentially having an interest in the subject of the action, because it was aware of the action and did not claim a formal interest in it).

Here, Plaintiff's verified complaint and a sworn declaration submitted with his response memorandum indicate that his siblings have an interest in the Ferrari. Specifically, Plaintiff notes in his verified complaint that "[t]here are a limited number of other heirs to James Piper," but that he "is acting in his own capacity as a beneficiary, and *fully intends to advise all heirs of this action and share proceeds, if any, as appropriate with his siblings.*" (Doc. 1 ¶ 24 n.1) (emphasis added). In his sworn declaration, Plaintiff states "my siblings have agreed that I should pursue this matter and that I will adequately

represent *our mutual interests* in determining title to the Ferrari." (Doc. 19-1 ¶ 6) (emphasis added).

Plaintiff also attests, however, that all of his siblings are "fully aware of these proceedings and [have] received copies of the substantive filings," yet "have each determined that they will not seek to join this case or otherwise intervene in these proceedings." (*Id.* ¶¶ 4-5.) Moreover, during oral argument Plaintiff's counsel represented to the Court that Plaintiff's siblings are James Piper's only other known heirs, that counsel has been in regular contact with them about this action, and that none want to participate in it.[6] It appears, then, that the absent co-heirs have chosen not to assert a formal interest in the action, despite being aware of it and having an interest in the Ferrari itself.

Gooding argues that Plaintiff's declaration falls short of establishing that the absent co-heirs have disclaimed an interest in the subject of this action because, unlike *Altmann*, the absent co-heirs have not assigned or otherwise disclaimed their interests in the Ferrari itself. But Gooding's argument fails to appreciate that, at least in the Ninth Circuit, Rule 19(a)(1)(B)'s requirement that a party claim an interest in "the subject of the action" has been interpreted to mean either the subject of the action or the action itself. *See Estate of Joshua Claypole v. Cty. of Monterey*, No. 14-CV-02730-BLF, 2016 WL 541075, at *2 (N.D. Cal. Feb. 11, 2016) ("[C]ourts in this district have relied upon *Northrop* and its progeny in holding that when an individual has not come forward to claim an interest in the action, that individual is not a required party under Rule 19.") Indeed, courts in this Circuit have relied on similar, or in some cases thinner, evidence to

---

[6] Gooding raised for the first time during oral argument the prospect that Maria Socorro de Rodriguez LaPine ("Socorro"), or her estate, is another potential co-heir to the Ferrari because an article submitted with the verified complaint indicates that James Piper married Socorro prior to his death. (*See* Doc. 1-5.) The Court need not address this argument because it was not raised in Gooding's motion. In any event, this argument is too speculative to justify dismissal. Assuming that the information contained within the article is true, it also suggests that Socorro might have been involved in James Piper's suspicious death, that she later faked her own death, and that she now is a fugitive wanted on suspicion of fraud. (*Id.*) Rule 19 is meant to be applied in a practical way to avoid harsh results. It simply cannot require a plaintiff to track down any and all potentially interested parties, even those on the lam, before seeking relief.

find that joinder of absent parties was not necessary under Rule 19(a)(1)(B) because the absent parties were aware of the action but chose not to assert a formal interest in it. *See, e.g., Id.* (relying on plaintiff's deposition testimony that absent party knew of action); *Bucher Glass, Inc. v. Dow Corning Corp.*, No. 4:16-cv-000230TMB, 2017 WL 3634078, at *4-6 (D. Alaska Aug. 8, 2017) (relying on emails from absent parties indicating they knew of lawsuit but did not want to participate); *Ninilchik Native Ass'n, Inc. v. Cook Inlet Region, Inc.*, 270 F.R.D. 468, 474-76 (D. Alaska 2010) (relying on fact that plaintiff sent letters to potentially interested absent parties notifying them of the action, but none responded).

This interpretation is not without its criticisms. For example, the United States District Court for the Northern District of California succinctly summarized some peculiarities of this interpretation:

> As other courts have noted, the Ninth Circuit's requirement that an absent party affirmatively claim an interest in the subject of the action is often in conflict with the underlying purposes of Rule 19. *See Ins. Co. of Pa. v. LNC Cmtys. II, LLC*, No. 11-cv00649-MSK–KMT, 2011 WL 5548955, at *7 (D. Colo. Aug. 23, 2011). Specifically, "it would be strange to require that an *absent* party affirmatively claim their interest in the subject of the action. This approach would seemingly offer Rule 19(a)(1)(B)(i)'s protections only to those absent parties who actually know of the litigation where they were not named as a party." *Id.* (emphasis in original). Furthermore, the affirmative claim requirement can also give rise to some puzzling interactions with Rule 24(a)'s provisions for intervention as of right. For instance, by requiring an absent party to assert a claim that their interests may be impaired or impeded by a pending action to benefit from compulsory joinder under Rule 19(a)(1)(B)(i) when such a party "would *always* satisfy the prerequisites for intervention as of right . . . ." *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1472 (10th Cir. 1987), the affirmative claim rule becomes almost duplicative of Rule 24(a). But "[t]he purpose of Rule 19, however is not to exhort an interested party to exercise its Rule 24 rights." *Id.* Instead, the purpose of the rule is served by a flexible analysis that recognizes that absent parties will not always be able to assert a claim in the subject matter of the action because they will not always know of a pending action that may impair or impede their rights. Stranger still, the Court sees no reason on the face of these Ninth Circuit precedents suggesting that an affirmative claim by the absent party would not also be required in cases under Rule 19(a)(1)(B)(ii), which protects a defendant who may be subject to inconsistent obligations if

> an absent party is not joined. This seems even further afield
> from the intended purpose of the Rule, which focuses on
> potential prejudice to the present defendants, not the interests
> of the absent party. 4 *Moore's Fed. Prac.* § 19.03[4][a] (3d
> ed.) (noting that this clause of the rule "is primarily concerned
> with the threat posed to *defendants* by the nonjoinder of the
> absentee") (emphasis in original).

*Zacharias v. U.S. Bank N.A.*, No. 14-02186-SC, 2014 WL 4100705, at *8 n.6 (N.D. Cal. Aug. 20, 2014).

This Court likewise "is skeptical that this is the best reading of Rule 19." *Id.* at *8. Indeed, this case illustrates some oddities of interpreting Rule 19(a)(1)(B) to require absent parties to affirmatively declare an interest in the action. Plaintiff acknowledges that his siblings have an interest in the Ferrari, and if Plaintiff succeeds in this lawsuit he plans to share his recovery with them. Yet Plaintiff's siblings have refused to formally participate in this action. Instead, they evidently have privately agreed to allow Plaintiff to represent their interests, even though there is no evidence of a formal assignment of those interests to Plaintiff, nor is Plaintiff here in a representational capacity (for example, as executor of James Piper's estate). "[F]or better or for worse," however, this "appears to be the law of the Ninth Circuit," and the Court is bound to follow it. *Id.*

Accordingly, the Court finds that joinder of the absent co-heirs is not necessary under Rule 19(a)(1)(B) because they are aware of this action but have chosen not to assert a formal interest in it. Because Gooding has not met its burden on the first question in the Rule 19 analysis, the Court need not discuss whether joinder would be feasible or whether the absent co-heirs would be indispensable. *See Washington v. Daley*, 173 F.3d 1158, 1169 (9th Cir. 1999) (noting that a court need not continue to later steps of the analysis if it finds absent parties are unnecessary).

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Rule 27 petition because it does not meet the requirements of the rule, and denies Gooding's motion to dismiss because Plaintiff's co-heirs are aware of this action but have chosen not to formally assert an interest in it. The existing TRO is scheduled to expire on February 19, 2018. Given

the scheduling delays caused by the subject matter jurisdiction briefing, the Court finds good cause to extend the duration of the TRO for an additional seven days, through February 26, 2018, to allow time for the parties and the Court to discuss a schedule for determining whether the TRO should be converted to a preliminary injunction.

**IT IS ORDERED** as follows:

1. Plaintiff's Rule 27 Petition (Doc. 1) is **DENIED**.

2. Gooding's motion to dismiss for lack of subject matter jurisdiction (Doc. 17) is **DENIED**.

3. By no later than **February 22, 2018**, the parties shall meet and confer to discuss (1) a proposed preliminary injunction briefing and hearing schedule, (2) Plaintiff's request to conduct early discovery, and (3) whether the TRO can be extended pending a preliminary injunction hearing and, if so, whether the current terms remain workable.

4. The parties shall appear for a telephonic conference on **February 23, 2018, at 4:30 PM** in Courtroom 506, 401 West Washington Street, Phoenix, Arizona 85003, before Judge Douglas Rayes to discuss these issues and to set deadlines. Counsel for Plaintiff shall be responsible for making the necessary arrangements for the conference call.

5. Unless otherwise ordered by the Court, the existing TRO shall remain in effect until **February 26, 2018**.

Dated this 15th day of February, 2018.

Douglas L. Rayes
United States District Judge