**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter J. Piper,<br><br>        Plaintiff,<br><br>v.<br><br>Gooding & Company Incorporated, et al.,<br><br>        Defendants. | No. CV-18-00244-PHX-DLR<br><br>**ORDER** |

      Before the Court is Falcon Woods, LLC's ("Falcon Woods") motion for order to show cause, which is fully briefed. (Docs. 167, 170, 171.) For the reasons stated below, Falcon Woods' motion is denied.

      The parties are well versed in the background of this case and the Court limits its summary to those facts relevant to the instant motion.[1] In May and June of 2018, Defendant Gooding & Company, Inc. and non-parties, Charles Seeger and Seeger & Seeger, LLP, filed motions seeking Rule 11 sanctions against Plaintiff and Plaintiff's counsel arising from the RICO claim asserted in Plaintiff's complaint. (Docs. 56, 63, 65.) On August 1, 2018, the Court denied the motions, noting that it did not find Plaintiff's RICO claim frivolous or inflammatory for Rule 11 purposes and underscoring that Charles Seeger and Seeger & Seeger LLP lacked standing to seek relief. (Doc. 103.) The parties reached a settlement and on February 25, 2020, Falcon Woods filed a stipulation for entry of

---

[1] Those unfamiliar with the broader facts may look to the background sections of previous orders. (*See*, *e.g.*, Doc. 107 at 1-3; Doc. 140 at 1-4; Doc. 151 at 1-2.)

judgment and to dismiss claims. (Doc. 164.) The Court granted the stipulation but opted to hold open the judgement for thirty days to permit Falcon Woods to file a motion for order to show cause that requests sanctions. (Docs. 165, 167.) Falcon Woods has now filed its motion, which seeks sanctions against DLA Piper based on Plaintiff's RICO claim, pursuant to A.R.S. § 13-2314.04(N) *et seq.* The Court will address the relevant provisions, in turn.

First, A.R.S. § 13-2314.04(N) reads,

> If the court determines that the filing of any pleading, motion or other paper under this section was frivolous or that any civil action or proceeding was brought or continued under this section in bad faith, vexatiously, wantonly or for an improper or oppressive reason, it shall award a proper sanction to deter this conduct in the future that may include the costs of the civil action or proceeding, including the costs of investigation and reasonable attorney fees in the trial and appellate courts.

The Court previously concluded that Plaintiff's RICO claim was not frivolous or inflammatory under the Rule 11 standard. (Doc. 103.) Falcon Woods tries to sidestep this finding and argues that the RICO claim was nevertheless brought "in bad faith, vexatiously, wantonly, or for an improper or oppressive reason" under Subsection N, as evidenced by the Court's decision to dismiss the claim. This argument is misguided. The Court's decision to dismiss the claim was a "close call" and in no way runs contrary to its prior finding that the claim was not frivolous or inflammatory. (Doc. 107 at 8.) Further, the Court sees no basis, and Falcon Woods provides none, to distinguish the frivolous or inflammatory standard under Rule 11 from the standard presented under Subsection N.

The next portion of the statute, in relevant part, reads,

> O. [A] complaint . . . shall be verified by at least one party or the party's attorney. If the person is represented by an attorney, at least one attorney of record shall sign any pleading, motion or other paper in the attorney's individual name and shall state the attorney's address.
>
> P. The verification by a person or the person's attorney and the signature by an attorney required by subsection O of this section constitute a certification by the person or the person's attorney that the person or the person's attorney has carefully read the pleading, motion or other paper and, based on a reasonable inquiry, believes all of the following:

> 1. It is well grounded in fact.
>
> 2. It is warranted by existing law or there is a good faith argument for the extension, modification or reversal of existing law.
>
> 3. It is not made for any bad faith, vexatious, wanton, improper or oppressive reason, including to harass, to cause unnecessary delay, to impose a needless increase in the cost of litigation or to force an unjust settlement through the serious character of the averment.
>
> Q. If any pleading, motion or other paper is signed in violation of the certification provisions of subsection P of this section, the court, on its own motion or on the motion of the other party and after a hearing and appropriate findings of fact, shall impose on the person who verified it or the attorney who signed it, or both, a proper sanction to deter this conduct in the future, including the costs of the proceeding under subsection N of this section.

A.R.S. § 13-2314.04(O)-(Q). Here, a thorough verification is attached to the first amended complaint. (Doc. 38 at 45.) Further, because the Court previously held that the RICO claim was neither frivolous nor brought for an improper purpose under Rule 11, and the Court maintains that the RICO claim was not brought in bad faith, vexatiously, wantonly, or for an improper or oppressive reasons under Subsection N, there is no basis to conclude that the verification was signed in violation of the certification provisions of Subsection P.

Next, A.R.S. § 13-2314.04(R) reads,

> If any pleading, motion or other paper includes an averment of fraud or coercion, it shall state these circumstances with particularity with respect to each defendant.

Falcon Woods makes no contention that any averment of fraud or coercion against any *defendant* was not stated with particularity. If anything, Falcon Woods suggests that the complaint averred fraud or coercion with particularity against the parties, but protests generally about DLA Piper's investigation and litigation strategy.

Finally, the Court turns to A.R.S. § 13-2314.04(S), which states,

> S. In any civil action or proceeding under this section in which the pleading, motion or other paper does not allege a crime of violence as a racketeering act:
>
> 1. The term "racketeer" shall not be used in referring to any

> person.
>
> 2. The terms used to refer to acts of racketeering or a pattern of racketeering activity shall be "unlawful acts" or "a pattern of unlawful activity."

Falcon Woods presumably relies on Subsection S to obtain relief stemming from the alleged smearing of the names of three non-party lawyers—who lack standing to litigate here, as the Court has previously pronounced. Falcon Woods concedes the standing issue, (Doc. 171 at 3), but suggests, without supporting case law, that the Court should nevertheless award relief.[2] "Courts typically decline to hear cases asserting rights properly belonging to third parties rather than the plaintiff." *Mills v. United States*, 742 F.3d 400, 407 (9th Cir. 2014) (internal quotation marks and quotation omitted). Without more, the Court will not waver from this sound policy.

**IT IS ORDERED** that Falcon Woods' motion for order to show cause (Doc. 167) is **DENIED**. The Clerk of Court is directed to close this case.

Dated this 11th day of August, 2020.

Douglas L. Rayes
United States District Judge

---

[2] Even if standing concerns were absent, Falcon Woods has not established that any motion or paper referred to any of the three non-party individuals as a "racketeer." A review of the amended complaint also demonstrates the lack of use of this term as a descriptor.